## JOEL CHRISTENSON V. THE STATE.

No. 20815.  Delivered February 28, 1940.

The opinion states the case.

*Tom L. Robinson*, of Gatesville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $100.

Over appellant's objection, the affidavit for the search warrant and the search warrant were read to the jury. It was alleged in said instruments, among other things, that appellant sold and possessed for the purpose of sale alcoholic beverages in his private dwelling. There seems to have been no issue upon which the contents of the affidavit and search warrant were relevant. There was no proof in the record, other than the statement embraced in the affidavit and search warrant, that appellant had sold intoxicating liquor. The State relied for a conviction upon the testimony of the officers to the effect that they found one pint of whisky and sixteen cans of beer in appellant's house, and that, upon following a well-beaten trail from appellant's home to a point 300 yards away, they found four pints of whisky covered in leaves. Some of this whisky appears to have been of the same brand as the whisky found in appellant's house.

Manifestly, the statements embraced in the affidavit and search warrant were hearsay and inadmissible. We are unable to say that their reception in evidence did not bring about appellant's conviction. It follows that we are constrained to hold that the bill of exception reflects reversible error. See Uptmore v. State, 32 S. W. (2d) 474, and Dillon v. State, 2 S. W. (2d) 251.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.