**Lewis Kendrick FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–04–00273–CR, 14–04–00274–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 27, 2005.

---

Shawna L. Reagin, Houston, for appellant.

Donald W. Rogers, Houston, for appellee.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Appellant pleaded not guilty to the offenses of possession of a controlled substance with intent to deliver and possession of a firearm by a felon. He was convicted and the jury assessed punishment, in each case, at seventy-five years' confinement in the Texas Department of Criminal Justice Institutional Division. In eight issues, appellant contends the trial court erred in (1) admitting the search warrant into evidence; (2) admitting jail disciplinary reports into evidence at the punishment phase; (3) denying appellant's motion to compel disclosure of the confidential informant's identity; and (4) denying appellant's motion to suppress evidence. We affirm.

### I. FACTUAL BACKGROUND

Steven Fisher, a Houston Police Department undercover narcotics officer, arranged a controlled buy of narcotics by a confidential informant. Fisher and the informant went to an apartment complex at

12345 Bob White, in Houston, where the informant purchased a cigarette dipped in phencyclidine (PCP) at apartment number 714. While the informant was in the apartment, Officer Fisher watched from the parking lot. Based on the controlled buy, Fisher later obtained a search warrant for apartment 714.

Fisher and another officer executed the search warrant. They first knocked on the door of the apartment and announced they were the police. When they received no response, the officers used a battering ram to gain entry. Once inside, the officers found appellant and another individual lying on a mattress. After securing the occupants, the officers searched the apartment and found a bottle of PCP and a handgun. Appellant was arrested and subsequently convicted of possession of a controlled substance and felon in possession of a firearm.

## II. RIGHT OF CONFRONTATION

### A. Admission of Search Warrant

In his first two issues, appellant contends he was denied the right to confront and cross-examine the confidential informant in violation of article 1, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution. At trial, the search warrant, but not the supporting affidavit, was admitted into evidence, and appellant objected on the grounds the warrant was irrelevant, hearsay, and its admission denied him his right to confrontation. On appeal, appellant contends his confrontation rights were violated because the search warrant was introduced to prove appellant's control of the premises.

### 1. Standard of Review

In reviewing the admission of evidence, this court follows an abuse of discretion standard of review. *See Weatherred v.*

*State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990).

### 2. Hearsay

■ Appellant cites several cases where courts have found the admission of a search warrant is inadmissible over a hearsay objection. *See, e.g., Foster v. State*, 779 S.W.2d 845, 857–58 (Tex.Crim.App. 1989) (en banc); *Torres v. State*, 552 S.W.2d 821, 824 (Tex.Crim.App.1977); *Doggett v. State*, 530 S.W.2d 552, 556–57 (Tex.Crim.App.1976); *Christenson v. State*, 138 Tex.Crim. 501, 137 S.W.2d 32 (1940); *Hamilton v. State*, 120 Tex.Crim. 154, 156, 48 S.W.2d 1005, 1005–06 (Tex. Crim.App.1932); *Ortiz v. State*, 999 S.W.2d 600, 607 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Pratt v. State*, 748 S.W.2d 483, 484–85 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd). Although in each of these cases, the court found a search warrant to be inadmissible over a hearsay objection, none addressed the confrontation clause. Confrontation and hearsay are distinct objections; confrontation raises constitutional issues, while hearsay invokes an evidentiary rule. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004). Because appellant has not complained on appeal of the trial court's ruling on his hearsay objection, those cases are not instructive as to whether appellant's right to confrontation was violated.

### 3. Confrontation Clause

■ A "testimonial" out-of-court statement that is introduced into evidence is barred by the Confrontation Clause unless the declarant is unavailable and has been

subject to cross-examination. *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The threshold issue under *Crawford* is whether the statement to be admitted is testimonial. *See Ruth v. State*, 167 S.W.3d 560, 568 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The Supreme Court in *Crawford* did not define testimonial, but noted three formulations of "core" testimonial evidence: (1) "*ex parte* in-court testimony or its functional equivalent," such as affidavits, custodial examinations, prior testimony not subject to cross-examination, or "similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements" of the same nature "contained in formalized testimonial materials"; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 51–52, 124 S.Ct. 1354.

█ Here, while it is true appellant was denied the opportunity to cross-examine the confidential informant, no testimonial statements provided by the confidential informant were ever introduced into evidence. Appellant argues the search warrant contains a description of him and that description linked him to the premises. But, contrary to that assertion, the search warrant was not used to link appellant to the premises because appellant was found lying on a mattress in the apartment. Appellant's clothing was found in the apartment and his girlfriend testified that he lived there with her and helped pay rent. Further, appellant has not challenged the sufficiency of the evidence linking him to the drugs or the premises. No testimonial statements of the informant were introduced through the search warrant; therefore, appellant was not denied his right of confrontation. *See Woods v. State*, 152 S.W.3d 105, 113 (Tex.Crim.App.2004) (en banc) (threshold question is whether statement was testimonial). Appellant's first and second issues are overruled.

### B. Admission of Jail Disciplinary Reports

█ In his third and fourth issues, appellant contends he was denied the right to confront and cross-examine his fellow inmates in violation of article 1, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution. At the punishment phase of trial, the State introduced inmate disciplinary grievance records from the Harris County Jail. The prosecutor read the discipline records into the record as follows:

> February 5th, 2004, the defendant was charged fighting. Seven days loss of privileges, found guilty, October 15, 2003, extortion. June the 11th, 2003, extortion, ten days loss of privileges. April the 21st, 2003, assault on an inmate. April 21st, 2003, horseplaying, altercation, five days' loss of privileges. February the 24th, 1998, 25 days loss of privileges for fighting. February the 18th, 1998, fighting. February the 18th, 1998, fighting. And again February the 18th, 1998, fighting.

Appellant objected to admission of the disciplinary records because they were based on hearsay of other inmates' reports, and he was denied the right to confront and cross-examine those inmates.

Evidence as to any matter may be offered during the punishment phase if the court deems it relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and any other evidence of extraneous crime or

bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon 2005).

In *Crawford*, the Supreme Court concluded the Sixth Amendment bars out-of-court statements by witnesses that are testimonial in nature, but *Crawford* did not extend these protections to non-testimonial hearsay. 541 U.S. at 68, 124 S.Ct. 1354. "Where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Id.* Because non-testimonial hearsay is at issue here, the reliability test of *Roberts* applies. *Id.*; *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

 Admission of evidence that falls within a firmly rooted exception to the hearsay rule does not violate the Confrontation Clause. *See Guidry v. State*, 9 S.W.3d 133, 149 (Tex.Crim.App.1999). The public records exception to the hearsay rule applies to "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth: (A) the activities of the office or agency[.]" TEX.R. EVID. 803(8)(A). This is a firmly rooted exception. *See* CATHY COCHRAN, TEXAS RULES OF EVIDENCE HANDBOOK 844–45 & n. 471 (5th ed.2003) (stating the exception existed at common law and tracing predecessors to rule 803(8) back to 1871). The Court of Criminal Appeals has held that a defendant's jail records, introduced at the punishment phase of trial, chronicling the defendant's violation of jail rules, cell transfers, and fighting, is not

inadmissible hearsay; rather, the jail records qualify as records made in the regular course of business. *Jackson v. State*, 822 S.W.2d 18, 30–31 (Tex.Crim.App.1990) (en banc). Because the disciplinary records in this case contained no testimonial evidence, they clearly fall within a firmly rooted hearsay exception; and thus, no constitutional violation occurred.

Recently, in *Russeau v. State*, the Court of Criminal Appeals held the introduction of "incident reports" and prison "disciplinary reports" violated the Sixth Amendment right to confront witnesses. 171 S.W.3d 871 (Tex.Crim.App., 2005). In that case, the court reviewed disciplinary reports that contained detailed statements written by corrections officers where the officers relied on their own observations or observations of others. *Id.* at 880. None of the individuals who observed Russeau's disciplinary offenses testified at his trial. *Id.* Therefore, the court found the admission of the reports violated his right to confront those witnesses. *Russeau*, however, is distinguishable from the instant case in that the disciplinary records admitted at the punishment phase of appellant's trial are sterile recitations of appellant's offenses and the punishments he received for those offenses. The records do not contain statements that could be considered testimonial in nature as did the reports in *Russeau*. Because the disciplinary records in this case are not testimonial and fall within a recognized exception to the hearsay rule, we conclude the trial court did not abuse its discretion in admitting the evidence. Appellant's third and fourth issues are overruled.

### III. DISCLOSURE OF CONFIDENTIAL INFORMANT'S IDENTITY

In issues five and six, appellant contends the trial court erred in denying his motion to disclose the identity of the confidential

informant. Prior to trial, appellant filed a motion for disclosure of the informant's identity pursuant to Texas Rule of Evidence 508(c), claiming the search warrant affidavit relied heavily on the informant, and, without disclosure, appellant could not challenge the informant's credibility. After an in camera hearing, the trial court denied appellant's motion. At trial, appellant again sought disclosure of the informant's identity after the search warrant was admitted into evidence.

■ We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim.App. [Panel Op.] 1980). Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement. *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim.App.1996).

■ As a general rule, when a defendant files a motion to disclose an informant's identity, the State has a privilege to withhold the identity of any person who provided information relating to, or assisting in, an investigation of a possible crime. TEX.R. EVID. 508(a). A court, however, should order the State to disclose the identity if the informer "may reasonably be able to provide testimony necessary to a fair determination of the issues of guilt and innocence." TEX.R. EVID. 508(c)(2). A defendant who makes a request under Rule 508 has the threshold burden of demonstrating that the informant's identity must be disclosed. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App.1991) (en banc). Before revealing the informant's identity, the informant's potential testimony must be shown to significantly aid appellant; mere conjecture or supposition about possible relevance is insufficient. *Bodin*, 807 S.W.2d at 318.

■ Whenever it is shown that an informant was an eyewitness to an alleged offense then that informant can give testimony necessary to a fair determination of the issues of guilt or innocence. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex.Crim.App. 1991) (en banc). However, when the informant's information is used only to establish probable cause for a search warrant and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt. *See Washington v. State*, 902 S.W.2d 649, 656–57 (Tex.App.- Houston [14th Dist.] 1995, pet. ref'd).

■ Prior to trial, appellant sought disclosure of the informant's identity by arguing he "was the only person who allegedly saw a black *male* in control of the clear liquid he claims was PCP." At trial, after the search warrant was admitted into evidence, appellant requested disclosure arguing that the confidential informant provided testimony against appellant through the warrant. The in camera hearing was not recorded. Nevertheless, the record reflects the informant's information was used to obtain probable cause for a search warrant, not to establish appellant's identity or his connection to the premises as appellant contends. There was no evidence that the confidential informant participated in the offense for which appellant was charged, nor is there evidence the informant participated in the execution of the search warrant. Under these circumstances, appellant has not demonstrated that the informant's testimony was so necessary to a fair determination of guilt or innocence that the trial court's denial of his motion to disclose the informant's identity was outside the zone of reasonable

disagreement. Appellant's fifth and sixth issues are overruled.

## IV. Suppression of Evidence

In issue seven, appellant contends the trial court erred in admitting the firearm into evidence because it was seized without a warrant. In issue eight, he argues the trial court erred by admitting the narcotics into evidence because the affidavit filed in support of the search warrant was conclusory and insufficient to support a valid warrant. Appellant's pretrial motion to suppress argued the affidavit supporting the search warrant was insufficient to establish probable cause and the firearm was seized without a warrant.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). We give great deference to a trial court's determination of historical fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (en banc). When, as here, the trial court does not file findings of fact, we assume the court made implicit findings that support its ruling, so long as those implied findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000) (en banc). We conduct a de novo review of mixed questions of law and fact that do not turn on the credibility and demeanor of a witness. *Guzman*, 955 S.W.2d at 89.

### B. Seizure of the Firearm

Regarding appellant's argument that the firearm was inadmissible because it was seized without a warrant, the record reveals a patrol officer checked for outstanding warrants before the officers left the apartment, and he determined appellant had a criminal history that included a felony conviction and an outstanding robbery warrant. Therefore, the officers knew appellant had a felony record when the firearm was seized. Further, the firearm was found in the kitchen cabinet next to a bottle of PCP and was therefore discovered by the officers in plain view during the lawful search of the apartment.

If an article is found in plain view, neither its observation, nor its seizure involves an invasion of privacy. *Horton v. California*, 496 U.S. 128, 133, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). The plain view doctrine requires that (1) law enforcement officials have a right to be where they are, and (2) it be immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity. *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim.App.2000). Here, the officers were lawfully in the apartment to execute the search warrant. Because they knew appellant was a felon, it was immediately apparent the gun was contraband. Although the gun was seized outside the scope of the warrant, it was legally seized under the plain view doctrine. *See id.* Appellant's seventh issue is overruled.

### C. Sufficiency of the Affidavit

In his motion to suppress, appellant alleged the affidavit was insufficient to support probable cause. The pertinent portions of Fisher's affidavit provided:

Your affiant has probable cause for said belief by reason of the following facts: The affiant, S.E. Fisher, is a peace officer in and for the state of Texas, reputably employed with the Houston Police Department. The affiant has been in the field of law enforcement for at least (7) seven years, with time having been spent focusing/working on narcotics investigations and working in an undercover capacity. The affiant is currently

assigned to the Special Investigations Command, Narcotics Division, is an experienced/veteran narcotics investigator, who has no criminal record, is credible and reliable and is worthy of belief. The affiant has reasons to believe and does in fact believe that the above listed described person, hereafter styled the defendant, is currently is [sic] possession of a controlled substance, namely PCP and intend [sic] to distribute/deliver the substance to others.

Within the past 48 hours, your affiant met with a confidential informant (CI) who was checked and found not to be in possession of any type of a controlled substance. The confidential informant was then given money with which to make a purchase of PCP. The informant met with a black male only know as "LU" who took the informant inside his residence at 12345 Bob White # 714. The informant asked to get two half dipped (cigarettes dipped in PCP) "LU" dipped two More brand cigarettes and handed them to the CI. The CI handed "LU" the twenty dollars. "LU" gave the CI his phone number and told them to cal [sic] anytime more was needed. The informant then left the location.

The confidential informant also advised your Affiant that the informant has seen PCP on a number of occasions and is aware of the physical properties and smell of PCP. The informant is confident that the clear liquid they saw the cigarettes dipped into was in fact PCP. The informant has been to the residence within the past 48 hours. The informant will remain anonymous for safety and security reasons. The informant has given information in the past, which has always proven to be true and correct.

 Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The allegations in a probable cause affidavit are sufficient if they would justify a conclusion that the object of the search is probably on the premises. *Ramos v. State,* 934 S.W.2d 358, 363 (Tex.Crim.App.1996). Only the facts found within the four corners of the affidavit may be considered. *Hankins v. State,* 132 S.W.3d 380, 388 (Tex.Crim.App.2004). The magistrate is not required to find proof beyond a reasonable doubt or by a preponderance of the evidence, but only a probability that contraband or evidence of the crime will be found in a particular place. *Gates,* 462 U.S. at 238–39, 103 S.Ct. 2317; *State v. Anderson,* 917 S.W.2d 92, 95 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd).

 Here, the affidavit supporting the search warrant detailed a controlled buy of cigarettes dipped in PCP from the place to be searched, 12345 Bob White, apartment 714. The affiant was an officer with the Houston Police Department in the narcotics task force. The affidavit stated that the informant was searched by the affiant for contraband and then given money to purchase drugs from a suspect inside the apartment. The affiant swore that the informant was known by him to be a credible and reliable person and that the informant handed the suspect twenty dollars and received two cigarettes dipped in PCP. These facts supported the inference that PCP was available for sale within the place named in the warrant. Thus, there were facts within the four corners of the affidavit from which a reasonable person could infer that the informant had purchased PCP inside the place named in the search warrant. *See Sadler v. State,* 905 S.W.2d 21, 22 (Tex.App.-Houston [1st Dist.] 1995, no pet.) (circumstances of a controlled buy, standing alone, may corroborate an infor-

mant's tip and provide probable cause to issue a warrant). We conclude the affidavit supports a finding of probable cause to search the apartment. Appellant's eighth issue is overruled.

The judgment of the trial court is affirmed.