Opinion filed April 27, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 27, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00002-CV 

 

                                                    __________

 

                                      IN THE MATTER OF J.R.L.G.

 



 

                                  On
Appeal from the County Court at Law No. 1 

 

                                                        Midland
County, Texas

 

                                                   Trial
Court Cause No. J05267

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

This appeal stems from a motion to modify a
juvenile disposition and a commitment to the 
Texas Youth Commission.  Appellant
raises three issues on appeal.  We
affirm. 

Background Facts








On July 16, 2004, the trial court placed appellant
on probation for a period of one year for the offenses of evading
arrest/detention with a vehicle, possession of marihuana less than two ounces in
a drug-free zone, possession of marihuana less than two ounces, and escape from
custody.  The conditions of his probation
included submitting to electronic monitoring; avoiding the use of alcohol,
drugs, marihuana, or inhalants; reporting to the juvenile probation officer at
least twice a week; abiding by a curfew; submitting to periodic urinalysis
screening; and not operating a motor vehicle. 
On October 19, 2004, the State moved to modify appellant=s disposition, alleging that appellant
had engaged in conduct that violated his conditions of probation by testing
positive for T.H.C., twice testing positive for cocaine, twice failing to
report to the probation officer, failing to follow curfew regulations, and
operating a motor vehicle. Appellant pled not true.  After hearing the evidence, the court found
all the allegations to be true except for one of the curfew violations.  After a separate disposition hearing, the
court sentenced appellant to the Texas Youth Commission.  This appeal followed.  We affirm.

Issues On Appeal

Appellant asserts in his first and second issues
that the trial court erred in admitting his lab results in violation of his
Sixth Amendment Right of Confrontation. 
In appellant=s third
issue, he asserts that the trial court abused its discretion by sentencing him
to the Texas Youth Commission. 

Sixth Amendment Right of Confrontation

The United States Constitution provides a right in
both federal and state prosecutions to confront and cross-examine adverse
witnesses. U.S. Const. amend. VI;
Pointer v. Texas, 380 U.S. 400 (1965). 
The Sixth Amendment provides:  AIn all criminal prosecutions, the
accused shall enjoy the right to . . . be confronted with the witnesses against
him.  The United States Supreme Court has
held that out-of-court testimonial evidence is barred under the Confrontation
Clause unless the witness is unavailable and the accused had a prior
opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36,
68 (2004).  The threshold question is
whether the evidence is testimonial or non-testimonial.  We review this question of law de novo. Wall
v. State, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). 








In the case before us, State=s Exhibit Nos. 3 and 4 were the
positive lab results from appellant=s
urinalysis screening.  Dennis Shaughnessy
testified that he is a medical review officer with Drug Screen Compliance.  Through his testimony, the State established
the chain of custody of appellant=s
lab results and that the results were prepared and kept in the regular course
of business. When the State sought to introduce the records, appellant objected
on the grounds that the records were inadmissible hearsay and that admitting
them would violate appellant=s
Right of Confrontation. The State argued that the records were admissible under
the business records exception to the hearsay rule.  The court denied appellant=s objections.  On appeal, appellant does not complain of the
trial court=s ruling
on his hearsay objection.  Therefore, we
only address appellant=s
Confrontation Clause claim.

 In Crawford,
the Supreme Court did not provide a comprehensive definition of testimonial
evidence.  However, the Court stated that
the term Atestimonial@ Aapplies
at a minimum to prior testimony at a preliminary hearing, before a grand jury,
or at a former trial; and to police interrogations.@
541 U.S. at 68.  The Court also stated
that the traditional hearsay exceptions, such as business records, were
non-testimonial in nature.  Id at
56. 

Texas courts have addressed what is testimonial
and what is non-testimonial.  Where
records are involved, courts have distinguished between objective or historical
information and subjective observations germane to the accused.  In Mitchell v. State, No.
04-04-00885-CR, 2005 WL 3477857 (Tex. App.CSan
Antonio Dec. 21, 2005, pet. ref=d),
and  Moreno Denoso v. State, 156
S.W.3d 166, 182 (Tex. App.CCorpus
Christi 2005, pet. ref=d),
the courts held that autopsy reports were non-testimonial in nature and,
therefore, that the rules promulgated in Crawford did not apply.

In Russeau v. State, 171 S.W.3d 871 (Tex.
Crim. App. 2005), the Texas Court of Criminal Appeals found that discipline
reports and incident reports from a prisoner=s
file containing written statements made by correctional officers of their own
observations were testimonial and subject to 
the Sixth Amendment Right of Confrontation.  The Fourteenth Court of Appeals,
distinguishing Russeau, held that jail records not containing statements
or observations made by correctional officers were non-testimonial.  Ford v. State, 179 S.W.3d 203 (Tex.
App.CHouston
[14th Dist.] 2005, pet. filed).  The
records admitted in Ford only recited the prisoner=s offenses and the punishments he
received for the offenses.  The records
did not contain statements that were testimonial in nature.  Id. at 209. 








The case before us is similar to Ford.  The lab reports do not contain out-of-court
statements providing observations of a declarant.   The lab reports merely contain the results
of the tests.  The reports are not
testimony given at a preliminary hearing, before a grand jury, or at a former
trial.  The reports  are not statements given in response to a
police interrogation.   The reports are
more akin to general business records, which the Supreme Court has
characterized as non-testimonial.  Crawford,
541 U.S. at 56.  Moreover, we note that
the United States Supreme Court has held that blood tests and the results of
those tests are not testimonial for purposes of the Fifth Amendment.  Schmerber v. California, 384 U.S. 757,
765 (1966).  We hold, therefore, that the
lab reports are non-testimonial evidence. 
The Sixth Amendment Confrontation Clause is not implicated, and the
trial court did not err in admitting the reports.  We overrule appellant=s
first and second issues.

Did The Trial Court Abuse Its Discretion?

In his third issue, appellant asserts that the
trial court abused its discretion by sentencing him to the Texas Youth
Commission.  A court may modify a prior
felony disposition and commit a juvenile to the Texas Youth Commission upon a finding
by a preponderance of the evidence that the juvenile violated a reasonable and
lawful order of the court. Tex. Fam.
Code Ann. '  54.05(f) (Vernon Supp. 2005).  We review the trial court=s modification of a juvenile
disposition under an abuse of discretion standard and reverse only when the
trial court has acted in an unreasonable or arbitrary manner.  In re K.B., 106 S.W.3d 913, 915 (Tex.
App.CDallas
2003, no pet.).

Appellant contends that Tex. Fam. Code Ann. '
54.05(k) (Vernon Supp. 2005) applies in his case and that, if the positive lab
results are excluded, the trial court lacked the discretion to sentence him to
the Texas Youth Commission.  However,
Section  54.05(k) applies only when the
prior disposition is for a misdemeanor. 
Appellant was placed on probation for evading arrest with a vehicle
which is classified as a felony.  See Tex. Pen. Code Ann. ' 38.04(b)(1) (Vernon 2003).  Even in the absence of the positive lab
results, the trial court found that appellant violated five conditions of his
probation. This is sufficient basis for the court=s
decision.  We overrule appellant=s third issue.

Conclusion

The trial court did not err in admitting appellant=s lab results.  The trial court did not abuse its discretion
by sentencing appellant to the Texas Youth Commission. The trial court=s judgment is affirmed. 

 

 

RICK STRANGE

JUSTICE

April 27, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.