OPINION HEADING PER CUR 









                NO. 12-06-00247-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

KATHLEEN
MICHELLE MCGEE,           §          APPEAL FROM THE 349TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          HOUSTON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Appellant pleaded guilty to intoxication
manslaughter.  A jury sentenced her to
seventeen years of imprisonment.  In two
issues, Appellant complains that the trial court erroneously overruled her
hearsay objections to evidence which it then admitted and allowed before the
jury.  We affirm.

 

Background








            On May 23, 2005, Appellant was involved in a one vehicle
rollover on FM 2022 in Houston County, Texas. 
With Appellant in the vehicle were her three year old daughter, Lyndsay
Ault, and a friend, Amanda Sparks.  Her
daughter was killed in the rollover.  Appellant
pleaded guilty to intoxication manslaughter, a second degree felony, and
elected to have a jury assess her punishment. 
    At trial, the State’s first
witness was Jeff Berry, a trooper with the Texas Department of Public
Safety.  Trooper Berry testified about
what he found at the scene of the wreck and Appellant’s reaction to what had
occurred, including the death of her daughter. 
He testified that Appellant admitted to him that she had been drinking
before the wreck.  He also testified that
he found a bottle of Etodolac, which had been prescribed for Kenneth Harvill,
the father of passenger Amanda Sparks.  Sparks testified that she believed the drug
Etodolac was a muscle relaxer.  She also
testified that Appellant did not take any of the pills in her presence.  However, Sparks admitted, after having her
memory refreshed, that she could have told Trooper Berry, at the scene, that
Appellant had taken some of the Etodolac prior to the rollover.  Later, Appellant called Karla Jane Evans, a
registered pharmacist from the pharmacy where the prescription had been filled,
to testify that Etodolac was an anti-inflammatory drug that has the same
properties as Motrin or Aleve.  

            In addition to Berry and Sparks, the State called four
other witnesses who testified about the wreck scene and about the reaction of
Appellant to the death of her daughter. 
In addition to Evans, Appellant called as witnesses a paramedic who
responded to the scene, the supervisor of the Houston County Probation Office,
Appellant’s boyfriend, and Dr. Thomas Allen, a forensic psychologist who had
examined Appellant.  The paramedic
testified about what she found at the scene and Appellant’s reaction to what
had happened.  The other three witnesses
testified about Appellant’s alcohol and drug addictions, the treatment she had
sought, and possible treatment programs she might be able to take advantage of
in the future.  A toxicology report
admitted into evidence showed that, at the time of the rollover, Appellant’s
blood alcohol concentration was 0.12, fifty percent over the legal  limit of 0.08. 

            During closing arguments, the State emphasized Appellant’s
lack of remorse at the wreck scene, her continued alcohol dependence, and the
risk to the general public if Appellant continued to drink and drive.  Appellant emphasized her remorse, her
eligibility for probation, and her desire to go through treatment programs
while on probation.  The jury assessed
her punishment at seventeen years of imprisonment, and the court sentenced her
accordingly.  This appeal was timely
filed.  

 

Admissibility of Evidence








            In her first issue, Appellant complains that the trial
court abused its discretion when it allowed Sparks to testify what the
prescription drug Etodolac was prescribed for. 
In her second issue, Appellant complains that the trial court abused its
discretion when it permitted the prosecutor to refresh Sparks’s recollection of
her prior statement using an unidentified document that Appellant claims was a
statement of a third party.  In regard to
these two issues, Appellant contends that Sparks’s testimony and her prior
statement were hearsay. Hearsay is a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted.  Tex. R. Evid. 801(d). 

Standard of Review

            In reviewing the trial court’s rulings on admissibility
of the evidence, we apply an abuse of discretion standard of review.  Carrasco v. State, 154 S.W.3d
127, 129 (Tex. Crim. App. 2005).  The
test for abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court’s action;
rather it is a question of whether the trial court acted without reference to
any guiding rules or principles.  Ford
v. State, 179 S.W.3d 203, 207 (Tex. App.–Houston [14th Dist.] 2005,
pet. ref’d), cert. denied, ____ U.S. ____, 127 S. Ct. 281, 166 L. Ed.2d
215 (2006) (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990)).

            The erroneous admission of evidence is nonconstitutional
error.  See Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 
Nonconstitutional error that does not affect substantial rights must be
disregarded.  See Tex. R. App. P. 44.2(b).  Substantial rights are not affected by the
erroneous admission of evidence “if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect.”  Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (citations
omitted).  In conducting a harm analysis,
an appellate court should consider everything in the record, including any
testimony or physical evidence admitted for the jury’s consideration, the
nature of the evidence supporting the verdict, the character of the alleged
error and how it might be considered with other evidence in the case, the trial
court’s instructions to the jury, the State’s theories, any defensive theories,
closing arguments, and even voir dire, if material to the appellant’s
claim.  Id. at 355-56; Morales
v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).  Whether the State emphasized the error can
also be a factor.  Motilla,
78 S.W.3d at 356. 

Discussion

             Because a harmless
error would not require reversal, we begin our analysis with the issue of
harm.  Appellant objected that any
information Sparks had about the prescription in question  was hearsay and requested permission to take
the witness on voir dire to make sure she had personal knowledge of what the
prescription was for.  The trial court
overruled Appellant’s objection and allowed Sparks to testify.  Sparks responded that Etodolac was “a muscle
relaxer, I believe.”  

            Later during her testimony, Sparks testified that she and
Appellant had not taken any of the Etodolac. 
At that time, the State asked Sparks to review a statement she had given
to Trooper Berry shortly after the wreck. 
Appellant objected to the use of Sparks’s statement to Trooper Berry,
alleging that it was hearsay.  After this
objection was overruled and her memory was refreshed, Sparks admitted that she
could have told Trooper Berry that Appellant had taken some of the Etodolac
before the wreck.

            Because Appellant pleaded guilty, we consider whether
Sparks’s testimony that she thought Etodolac was a muscle relaxer, and her
testimony that she could have told Trooper Berry that Appellant had taken some
of the Etodolac, affected the jury’s sentence.

            The evidence against Appellant was substantial.  It was undisputed that Appellant’s blood
alcohol concentration level at the time of the vehicle rollover that killed her
daughter was 0.12, fifty percent above the legal limit in Texas.  See Tex.
Penal Code Ann. § 49.01(2)(B) 
(Vernon 2003) (definition of “intoxicated” includes having alcohol
concentration of 0.08 or more).   Dr.
Allen and Appellant’s boyfriend testified that Appellant abused alcohol and
marijuana.  Dr. Allen also testified that
he believed Appellant was physically addicted to alcohol, which would cause her
to have a high probability of future use. 
He further testified about her past abuse of various other drugs, both
prescription and nonprescription. Appellant’s boyfriend testified that
Appellant had continued to use alcohol after her daughter’s death.  Finally, there was extensive testimony as to
Appellant’s appearing to lack remorse for this death.

            Sparks testified that Etodolac was “a muscle relaxer, I
believe.”  We note that Sparks’s answer
was tentative.  Further, Appellant called
Evans, a registered pharmacist, to testify that Etodolac was a nonsteroidal
anti-inflammatory drug and not a muscle relaxer.  In addition, the  toxicology screen introduced into evidence
showed only the presence of alcohol in Appellant’s blood at the time of the
wreck. Evans testified that Etodolac did not have a propensity for addiction
and had the same properties as over the counter pain relievers such as Motrin
or Aleve.  Following this testimony,
Etodolac was not mentioned again.  Much
more damaging was the undisputed evidence related to Appellant’s blood alcohol
concentration at the time of the rollover, her history of drug and alcohol
abuse, the fact that she continued to drink alcohol following the wreck, and
her perceived lack of remorse.  The State
did not mention Etodolac during its closing argument.  Instead, it emphasized Appellant’s perceived
lack of remorse, her continued alcohol use, her danger to the public, and the
administration of justice.

            In summary, the evidence against Appellant was
overwhelming, and the State emphasized that evidence in its closing
argument.  Evans corrected Sparks’s
misstatement about Etodolac, and the subject was not revisited.  Further, there was no evidence that Appellant
was under the influence of any substance other than alcohol or that she had
Etodolac in her system at the time of the rollover.  Consequently, we have more than a fair
assurance that the testimony complained of did not influence the jury or had
but a slight effect on its assessment of punishment.  Therefore, Appellant has not established that
she was harmed by Sparks’s testimony. 
Appellant’s first and second issues are overruled. 

 

Disposition

            Having overruled Appellant’s two issues, the judgment of
the trial court is affirmed.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered August 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)