Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00087-CR

                                                    __________

 

                                  ARTHUR RAY DICKEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR18347

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Arthur Ray Dickey of assaulting a public servant, a third degree
felony under Tex. Penal Code Ann.
' 22.01(b)(1) (Vernon
Supp. 2007).  The jury assessed punishment at confinement for ten years.  We
affirm.








In
his sole issue on appeal, appellant challenges the admission into evidence
during the punishment phase of trial of State=s
Exhibit No. 3.  Citing Crawford v. Washington, 541 U.S. 36 (2004), and Russeau
v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005), appellant argues that
admission of the exhibit violated his constitutional right to confront the
witnesses against him.  See U.S. Const.
amend. VI.  We disagree.  

The
exhibit is a computer-generated printout from the Correctional Care System of
the Texas Youth Commission (TYC) where appellant had been committed for over
two years.  The printout contains an incident summary indicating generally that
there were 150 incidents involving appellant.  The incidents included Adisruption of program,@ Adanger to others,@ Aself-referral
to security,@ Alying/falsify
document/cheatin,@ Aasslt staff/vol-bodily
injury,@ Arefuse to follow staff inst
sp,@ Afleeing apprehension,@ Apossession of weapon,@ Astealing
(under $50),@ Afailure to abide by dress
code,@ Athreat of escape,@ Atattooing/body piercing,@ Acontraband (except drug/weapon),@ Aundesignated area,@ Aposs/proh
item/use sub/intox,@ Agang related activity,@ Aasslt threat-immin. bodily inj,@ and Aasslt yth/othr-bodily
injury.@  The printout
gave the dates of the incidents and indicated whether a hearing was held but
did not reveal any specific facts about the incidents.  

Appellant=s TYC caseworker, Jerome
Finley, testified at the punishment phase of trial.  He testified that
appellant had originally been committed to TYC for a probation violation
regarding an assault.  Finley testified that, while at TYC, appellant had
refused to comply with staff instructions,  had told others he was in a gang,
and had often responded in an aggressive manner.  Finley identified State=s Exhibit No. 3 as a
printout from the system that tracks all of the information regarding security
referrals or incidents.  Finley indicated that such records were kept during
the regular course of the business activities at TYC and that entries are made
at or near the time of the events by someone with knowledge of the events.  The
State then offered the exhibit into evidence, and appellant objected based upon
the denial of his right to confront the witnesses against him B pointing out that Finley
did not have personal knowledge of all of the incidents listed in the exhibit. 
The trial court, finding that the information was not testimonial in nature,
overruled appellant=s
objection. 








In
Crawford, the Supreme Court recognized that the Confrontation Clause of
the Sixth Amendment bars the admission of testimonial statements of a witness
who does not appear at trial unless the witness is unavailable and the
defendant had a prior opportunity to cross-examine the witness.  541 U.S. 36,
59.  Relying upon Crawford, the Court of Criminal Appeals in Russeau
held that the introduction of several incident reports and disciplinary reports
at the punishment phase of trial violated the defendant=s Sixth Amendment right to confront the
witnesses against him.  171 S.W.3d at 880-81.  

Although
appellant contends that Russeau controls the issue in this case, we find
that the facts are distinguishable.  In Russeau, the reports contained
statements that appeared to have been written by corrections officers and
purported to document observations, in detailed and graphic terms, regarding
numerous disciplinary offenses.  Id. at 880.  The individuals making
those observations did not testify at trial.  Id.  The court determined
that the statements contained in the reports were testimonial in nature and
were inadmissible under the Confrontation Clause.  Id.  The Russeau
court specifically held, AThe
trial court erred in admitting those portions of the reports that
contained the testimonial statements.@ 
Id. at 881 (emphasis added); see Davis v. Washington, 547 U.S.
813 (2006) (explaining when statements made to law enforcement are Atestimonial@).  

In
the present case, the printout did not contain any such testimonial statements,
narratives of the events, or written observations B a distinction recognized by one of our sister
courts.  See Grant v. State, 218 S.W.3d 225, 230-32 (Tex. App.CHouston [14th Dist.] 2007,
pet. ref=d); Ford v.
State, 179 S.W.3d 203, 208-09 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d)
(upholding admission at punishment phase of inmate disciplinary records that
contained only a sterile recitation of offenses and the punishments received) ;
see also In re J.R.L.G., No. 11-05-00002-CV, 2006 WL 1098944 (Tex. App.CEastland Apr. 27, 2006, no
pet.) (mem. op.).  The sterile printout, merely listing TYC incidents for which
appellant was cited, does not contain any statements that are testimonial in
nature.  Appellant=s
issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

August 14, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.