

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00303-CR

_____

**DANIEL SINGLETON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CR-07617**

_____

## MEMORANDUM  OPINION

_____

Oran Daniel Singleton was convicted of possession of methamphetamine in an amount of more than four grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010). He was sentenced to 20 years in prison. We affirm.

Singleton contends in one issue that the trial court erred when it refused to disclose the informant's identity in open court and hold an in-camera hearing to evaluate the informant's reliability. Singleton asserts that disclosure of the informant's

identity is necessary because there was a reasonable probability that the confidential informant would be a material witness to his guilt or innocence.

We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 98 S.W.3d 349, 355 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Generally, the State has a privilege to refuse to disclose the identity of a confidential informant who has furnished information to a law enforcement officer conducting an investigation. *See* TEX. R. EVID. 508(a). There are three exceptions that may require the State to disclose the identity of the informant. *See* TEX. R. EVID. 508(c)(1)-(3). Singleton relies on the second exception, which provides in pertinent part:

> Testimony on Merits. If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of … guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply that testimony.

TEX. R. EVID. 508(c)(2).

The defendant bears the initial burden of showing that the confidential informant may be able to give testimony necessary to a fair determination of the defendant's guilt or innocence. *Id*. This initial burden has been described as a "plausible showing." *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). "Evidence from any source, but not mere conjecture or speculation must be presented to make the required showing that

the informant's identity must be disclosed." *Id*. If the defendant meets the burden of making the preliminary showing, then the trial court is required to hold an in-camera hearing. *See Bailey v. State*, 804 S.W.2d 226, 230 (Tex. App.—Amarillo 1991, no pet.). The in-camera hearing provides the State the opportunity to show facts that rebut the defendant's preliminary showing. *Id*.

Whenever an informant is an eyewitness to an alleged offense, then that informant can give testimony necessary to a fair determination of the issue of guilt or innocence. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991). However, when the informant's information is used only to establish probable cause and the informant was not a participant in the offense for which the defendant is charged, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt. *See Washington v. State*, 902 S.W.2d 649, 656-57 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

Singleton argues on appeal that only the informants could place the drugs, the buy money, and Singleton at the scene. Further, because one of the informants may have been female, he argues that a single deputy acting alone could not properly search two persons of differing gender. He also argues that he could have attacked the credibility of the female informant which would have cast doubt on Singleton's guilt.

These informants, however, could offer no testimony about the actual offense. There is no evidence that the confidential informants participated in the offense for

which Singleton was charged, that is, possession of methamphetamine, nor is there evidence the informants were eyewitnesses to the search. The informants' testimony would only be relevant to the issue of probable cause, thus making it unnecessary for the identity of the informants to be disclosed. *Washington*, 902 S.W.2d at 657. Consequently, the trial court did not abuse its discretion in refusing to hold an in-camera hearing or to disclose the identity of the informants. *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Singleton's sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2012
Do not publish
[CR25]