In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00144-CR
NO. 09-16-00145-CR
_____

**CEDRICK JEROME BASS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause Nos. CR31353, CR31427**

**MEMORANDUM OPINION**

Appellant Cedrick Jerome Bass pleaded guilty to possession of marijuana and possession of cocaine with the intent to deliver. The trial court assessed punishment at twenty years of confinement on the marijuana charge and twenty years of confinement on the cocaine charge and ordered that the sentences would run concurrently. In three appellate issues, Bass argues that the trial court erred by denying his motion to require the State to disclose an allegedly exculpatory

recording of the confidential informant conducting a drug transaction with Bass. We affirm the trial court's judgments.

Prior to pleading guilty, Bass filed a motion to compel discovery in both cases. In the motion to compel, Bass sought to compel the State to provide to the defense the alleged recording of the confidential informant completing a drug transaction with Bass, which was used as part of the showing of probable cause in the affidavit for a search warrant.[1] The State asserted that Rule 508 of the Texas Rules of Evidence made the recording privileged from disclosure. *See* Tex. R. Evid. 508. The trial court signed an order requiring the State to produce the recording. The State then filed a mandamus proceeding with this Court, seeking to have the trial court's discovery order set aside, and this Court conditionally granted mandamus relief. *In re State of Tex.*, Nos. 09-15-00192-CR, 09-15-00193-CR, 2015 WL 7566519 (Tex. App.—Beaumont Nov. 25, 2015, orig. proceeding) (mem. op., not released for publication).

---

[1]The affidavit for search warrant does not appear in the appellate record. However, it does appear in the appellate record of the mandamus regarding this matter. *In re State of Tex.*, Nos. 09-15-00192-CR, 09-15-00193-CR, 2015 WL 7566519 (Tex. App.—Beaumont Nov. 25, 2015, orig. proceeding) (mem. op., not released for publication). Accordingly, the Court takes judicial notice of the contents of the affidavit for search warrant. Appellant references and quotes from the affidavit in his brief.

The trial court vacated its discovery order, and Bass filed a motion for an *in camera* inspection of the recording of Bass and the confidential informant so the trial court could determine whether it contains exculpatory evidence. The State tendered an audio recording to the trial court for an *in camera* review. After the State filed a motion to unseal the audio recording from *in camera* inspection, the trial court filed its excerpt from the audio recording of the confidential informant's purchase from Bass, which indicated that the confidential informant stated that Bass was alone in the house and that Bass also sold drugs to other individuals.

After conducting its *in camera* review, the trial court declined to produce the audio recording to the defense. Bass then pleaded guilty in both cases pursuant to a plea bargain agreement, and the trial court assessed punishment at twenty years of confinement on the marijuana charge and twenty years of confinement on the cocaine charge, and the trial court ordered that the sentences would run concurrently. Bass then filed this appeal, which the trial court certified was permissible because it involved matters raised by written motion filed and ruled on before Bass's plea.

Article 39.14 of the Texas Code of Criminal Procedure, commonly referred to as the Michael Morton Act, provides as follows, in pertinent part:

(a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant[,] the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by

3

or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things *not otherwise privileged* that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

. . .

(h) Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

Tex. Code Crim. Proc. Ann. art. 39.14(a), (h) (West Supp. 2016) (emphasis added).

Bass asserts that he does not seek the identity of the confidential informant, and he argues that he is entitled to at least a redacted copy of the recording to determine whether it contains exculpatory evidence and whether his voice is on the recording.

We review the trial court's ruling using an abuse of discretion standard. *See Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001). We must

4

uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Ford*, 179 S.W.3d at 210.

Rule 508(a) of the Texas Rules of Evidence provides that the State may refuse to disclose a person's identity if the person (1) has furnished information to a law enforcement officer who is investigating a possible violation of the law, and (2) the information provided "relates to or assists in the investigation." Tex. R. Evid. 508(a). Rule 508(c)(2)(A) provides the following exception to the privilege: "In a criminal case, this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." Tex. R. Evid. 508(c)(2)(A). Although Bass contends that he does not seek the confidential informant's identity, the informant's identity might become known to Bass if he were permitted to hear the recording. *See generally* Tex. R. Evid. 508(a) (requiring disclosure of items that are not otherwise privileged). In addition, Bass has not demonstrated that the recording contains potentially exculpatory information which would trigger the exception contained in subsection (h) of article 39.14. *See* Tex. Code Crim. Proc. Ann. art. 39.14(h). The excerpts filed by the trial court from the recording do not indicate that the recording is exculpatory, and Bass is not charged with the offense of selling drugs to the confidential informant, which is what the recording captured. *See id*. art. 39.14(a), (h); *see also*

Tex. R. Evid. 508(c)(2)(A). For all of these reasons, we overrule Bass's issues and affirm the trial court's judgments.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 23, 2017
Opinion Delivered July 19, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.