**Reversed and Remanded and Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00701-CR
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**JOSEPH DESHUN DUNN, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1614025**

## OPINION

Appellee Joseph Deshun Dunn was indicted for possession of more than 4 grams and less than 200 grams of a controlled substance, specifically cocaine. Appellee filed a motion for disclosure of a confidential informant pursuant to Rule 508 of the Texas Rules of Evidence, which the trial court granted. *See* Tex. R. Evid. 508. When the State refused to divulge the identity of the confidential informant, the trial court granted appellee's motion to dismiss the indictment against appellee. Because we conclude the trial court abused its discretion when it

ordered the State to disclose the identity of the confidential informant and subsequently dismissed the indictment when the State refused, we sustain the State's single issue on appeal and remand the case to the trial court for further proceedings.

## BACKGROUND

Appellee was wanted on an open arrest warrant for murder. A confidential informant who worked for federal law enforcement personnel notified them that appellee, who was not known to the confidential informant, wanted to sell "stuff" to the confidential informant. Law enforcement personnel then learned there was an active murder warrant on appellee and they "wanted him arrested on that" warrant. The confidential informant arranged to buy drugs from appellee. The confidential informant notified law enforcement personnel that appellee would be at a certain gas station, possibly in a silver SUV. There is nothing in the record indicating the confidential informant participated in the offense for which appellee was charged or was present at the scene when appellee was arrested.

The police did not intend to buy drugs from appellee, they instead intended to arrest appellee on the outstanding murder warrant. The police set-up surveillance at the gas station. When the police spotted an SUV in the gas station parking lot matching the SUV mentioned by the confidential informant, undercover officers drove by in unmarked police vehicles. The undercover officers got close enough to the SUV to identify the person sitting in the passenger seat as appellee. Uniformed officers in marked police vehicles then moved in and arrested appellant on the murder warrant. According to Officer John Pavlica, the only witness who testified during the motion to disclose hearing, the police did not attempt a controlled buy the night appellee was arrested. According to the State, the police discovered cocaine during the search following appellee's arrest on the

2

murder warrant.[1]  Appellee was subsequently indicted for possessing more than 4 grams and less than 200 grams of cocaine.  It is this charge, not the murder charge, at issue in this appeal.

Appellee filed a motion pursuant to Rule 508 of the Texas Rules of Evidence asking the trial court to order the State to disclose the identity of the confidential informant.  According to appellee, the identity of the confidential informant was necessary for a fair determination of guilt or innocence and also because the confidential informant possessed information relevant to the legality of appellee's arrest on the drug charge.  Appellee did not challenge the legality of the murder warrant in the trial court and he does not challenge it in this appeal.

The trial court conducted an evidentiary hearing in chambers on appellee's motion.  During the hearing appellee did not introduce any evidence regarding a connection between the drugs underlying the charge at issue in this appeal and his arrest on a murder warrant.  Indeed, the record is bare of any evidence regarding how the police came to arrest appellee on the cocaine possession charge.  Appellee also did not introduce any evidence establishing that the confidential informant was present at the scene when appellee was arrested.  The trial court granted appellee's motion and denied the State's motion to reconsider.  The State refused to identify the confidential informant and appellee moved the trial court to dismiss the case pursuant to the same rule of evidence.  The trial court granted the motion and dismissed the case against appellee.  This appeal followed.

## ANALYSIS

The State raises a single issue on appeal arguing the trial court abused its discretion when it granted appellee's Rule 508 motion to force the State to disclose

---

[1] There is no evidence in the record substantiating the State's claim.

the identity of the confidential informant and subsequently granted appellee's motion to dismiss when the State refused.

## I.      Standard of review and applicable law

We review the trial court's ruling on a motion to disclose the identity of a confidential informant under Rule 508 for an abuse of discretion. *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The trial court's ruling will not be disturbed unless it falls outside the zone of reasonable disagreement. *Id.*

Generally, the State has a privilege to withhold the identity of any person who provided information relating to, or assisting in, the investigation of a possible crime. *See* Tex. R. Evid. 508(a); *Ford*, 179 S.W.3d at 210. If it appears from the evidence in the case, or from some other showing by a party, that an informant may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence, and the State invokes the privilege, the judge must give the State an opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply such testimony. *See* Tex. R. Evid. 508(c)(2). The two-part exception in subsection (c)(3) allows the court to order disclosure if "information from an informer is relied upon to establish the legality of the means by which evidence was obtained" and if "the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." *See* Tex. R. Evid. 508(c)(3). Unlike Rule 508(c)(2), Rule 508(c)(3) does not authorize the trial court to dismiss an indictment. *See id.*

A party requesting disclosure under Rule 508 has the threshold burden to demonstrate that the informant's identity must be disclosed. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). Before a court orders the identity of the informant to be revealed, the informant's potential testimony must be shown to

4

significantly aid the defendant—mere conjecture about possible relevance is insufficient to meet the threshold burden. *Id.* A party seeking disclosure must make a plausible showing of how the informant's information may be important. *See Abdel–Sater v. State*, 852 S.W.2d 671, 674 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Only after a defendant makes a plausible showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary. *Olivarez v. State*, 171 S.W.3d 283, 292 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## II. The trial court abused its discretion under Rule 508(c)(2) when it ordered the State to disclose the confidential informant's identity and subsequently dismissed the case against appellee.

The State initially argues the trial court abused its discretion when it ordered disclosure of the confidential informant's identity and subsequently dismissed the case against appellee because appellee failed to meet his burden under Rule 508(c)(2) to make a plausible showing of how the informant's information may be important to a fair determination of a material issue on appellee's guilt or innocence. *See Abdel–Sater*, 852 S.W.2d at 674. We agree with the State.

Officer Pavlica was the only witness who testified during the in-chambers hearing. Officer Pavlica testified he had heard that a confidential informant "had set up a buy, but no buy was ever done because the intention was not to do a buy. It was to arrest [appellee] on the murder warrant." Appellee did not ask Officer Pavlica whether the confidential informant was present at the scene when the police arrested appellee on the murder warrant. As a result, there is no evidence in the record that the confidential informant was present at the scene when appellee was arrested. Appellee did not question Officer Pavlica about when, where, and how the police located the cocaine underlying the charge against appellee. Appellee also failed to offer any evidence demonstrating that the confidential

informant was a participant in the charged offense. Indeed, appellee failed to introduce any evidence establishing any connection at all between the confidential informant and the actual drug charge at issue here.

Before a trial court orders the identity of a confidential informant to be revealed, the confidential informant's potential testimony must be shown to significantly aid the defendant—mere conjecture about possible relevance is insufficient to meet this threshold burden. *Bodin*, 807 S.W.2d at 318. In other words, the defendant must show the confidential informant can give testimony necessary to a fair determination of the issues of guilt or innocence on the charged offense. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991). We conclude appellee offered nothing more than conjecture and speculation that the confidential informant might offer testimony relevant to a fair determination of guilt or innocence. This is insufficient. Because appellee failed to meet his burden under Rule 508(c)(2), we conclude the trial court abused its discretion when it ordered the State to disclose the identity of the confidential informant and subsequently dismissed the case when the State refused. *See Ford*, 179 S.W.3d at 210 (stating that when an informant's information was used only to establish probable cause for a search warrant or merely provided information causing police to investigate a potential offense and the informant was neither a participant in the offense for which the accused was charged nor present when a search warrant was executed or an arrest was made, then the identity of the informant need not be disclosed because the testimony is not essential to a fair determination of guilt or innocence); *Southwell v. State*, 80 S.W.3d 647, 650 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("The informant merely provided information that indirectly led to the warehouse being placed under surveillance. The trial court correctly ruled that the informant's identity did not need to be disclosed by the State.").

**III.** **The trial court abused its discretion under Rule 508(c)(3) when it ordered the State to disclose the confidential informant's identity and subsequently dismissed the case against appellee.**

Rule 508(c)(3)(A) authorizes a trial court to order the State to disclose a confidential informant's identity if (1) the informant's information is relied on to establish the legality of the means by which the evidence was obtained, and (2) the trial court is not satisfied that the informant was reasonably believed to be reliable or credible. *See* Tex. R. Evid. 508(c)(3). We conclude the trial court abused its discretion under Rule 508(c)(3) because appellee failed to meet his burden to show the State relied on the confidential informant's information to establish the legality of the means by which the evidence underlying the drug charge was obtained. *See Bodin*, 807 S.W.2d at 318. We reach this conclusion because appellee failed to establish that the confidential informant had any connection with the drugs underlying the charge at issue in this appeal. Appellee also failed to offer any evidence demonstrating that the police did not reasonably believe the confidential informant was reliable or credible. Thus, any determination by the trial court that the State relied on the confidential informant to establish the legality of the means by which the police obtained the evidence against appellee and that the confidential informant was not considered reliable or credible was based on mere speculation. *See Bodin*, 807 S.W.2d at 318 ("Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed."). As a result, we conclude Rule 508(c)(3) is not applicable under the facts of this case and the trial court abused its discretion to the extent it ordered disclosure pursuant to Rule 508(c)(3). *See Thompson v. State*, 741 S.W.2d 229, 231 (Tex. App.—Fort Worth 1987, pet. ref'd) (concluding Criminal Rule of Evidence 508(c)(3) did not apply to the case because there was nothing in the record showing that the police did not believe the

7

confidential informant to be reliable or credible).

We also conclude the trial court abused its discretion to the extent it dismissed the indictment pursuant to Rule 508(c)(3) because this section of the rule does not authorize a trial court to dismiss a case. *Compare* Tex. R. Evid. 508(c)(2) with Tex. R. Evid. 508(c)(3).

CONCLUSION

Having concluded that the trial court abused its discretion when it granted appellee's Rule 508 motion, we sustain the State's issue on appeal, reverse the trial court's order dismissing the case against appellee, and remand to the trial court for further proceedings.


/s/    Jerry Zimmerer
Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

Publish — TEX. R. APP. P. 47.2(b).