**Opinion filed August 22, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00252-CR

_____

## HUMPHREY BROCK, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17957B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Humphrey Brock, Jr., Appellant, of the offense of possession of four or more grams but less than 200 grams of cocaine with the intent to deliver. The jury also found that the offense occurred in a drug-free zone. The trial court assessed Appellant's punishment at confinement for life. We affirm.

Appellant presents three issues on appeal. In his first issue, Appellant challenges the trial court's ruling on a motion to suppress. In the second issue, Appellant contends that the trial court erred in denying a request to disclose the identity of the confidential informant. In his third issue, Appellant challenges the sufficiency of the evidence to support his conviction.

Prior to trial, Appellant filed a motion to suppress any evidence or statements obtained as a result of the execution of two search warrants, the first one being issued for a residence and the second one for Appellant's car. Appellant specifically asserted in his motion that "[t]he warrant was illegally issued because the affidavit did not show probable cause sufficient to justify the issuance of the search warrant," and he argued at the pretrial hearing on the motion to suppress that the affiant's description of the person that could be found at the residence was too general to support the issuance of the first warrant. The information used to obtain the second warrant was obtained as a result of the execution of the first warrant. The trial court found that the affidavits in support of the search warrants were legally adequate to allow a reasonable, detached magistrate to find probable cause. Appellant argues on appeal that the information in the affidavit in support of the first warrant was too general to allow a reasonable, detached magistrate to find that probable cause existed.

The cornerstone of the Fourth Amendment and its Texas equivalent is that a magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Id.* A magistrate's determination to issue a search warrant is subject to the deferential standard of review articulated in *Illinois v. Gates*, 462 U.S. 213 (1983), and in *Johnson v.*

2

*State*, 803 S.W.2d 272 (Tex. Crim. App. 1990). *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). We must give deference to a magistrate's determination of probable cause and affirm that decision "so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Id.* at 810.

The record shows that a search and arrest warrant was issued for the residence located at 649 Cockerell Drive in Abilene based upon the probable cause affidavit of Gary Castillo, an agent with the Special Operations Division of the Abilene Police Department. The warrant was admitted into evidence for purposes of the pretrial hearing; however, the supporting affidavit was not. Appellant and Agent Castillo testified at the hearing.

Appellant testified that he was summoned to the residence at 649 Cockerell by Michael Bell, who needed a ride to go to the store. According to Appellant, Bell "lives right down the street" from 649 Cockerell, and Bell left on foot to walk down the street to his residence to ask his wife if she needed anything from the store. Appellant remained at 649 Cockerell by himself, and the police arrived to execute the warrant shortly after Bell left. Appellant testified that the description of the suspected party in the affidavit could have matched Bell or another person who had been at the residence and left.

Agent Castillo testified that the only description that he had given in his affidavit in support of the warrant was "[j]ust the description that's on the search warrant" itself. A review of the warrant reveals that the information contained in the warrant was taken from the "attached" affidavit of Agent Castillo. The warrant indicates that, on the same day that the warrant was issued, the suspected party was in possession of marihuana in the residence at 649 Cockerell and that the suspected party owned or was in control of that residence. The warrant describes the suspected party as "one black male, approximately 6′00 inches, 280 pounds, black

3

hair, and brown eyes." The warrant contains a detailed description of the residence to be searched at 649 Cockerell: "a multi family [sic] duplex having a brown shingle roof, tan siding, and white trim. The front door faces west with the numbers 649 posted on the west side of the residence. The suspected residence is located on the north end of the duplex." Agent Castillo testified further that the information in his affidavit was obtained within the last forty-eight hours from a reliable confidential informant who had always provided accurate information in the past and that the confidential informant had provided "more description" but that Agent Castillo had not included that information in his affidavit. During the pretrial hearing, defense counsel questioned Agent Castillo as follows: "You stated in your affidavit that this confidential informant had provided information in the past that had always proven true and correct. On how many previous occasions had you made use of that confidential informant?" Agent Castillo replied, "Several times."

Defense counsel indicated at the pretrial hearing that he had a copy of the affidavit, and the record from the hearing reveals that he used that affidavit to question Agent Castillo; however, Appellant did not offer the affidavit into evidence so that it could be reviewed on appeal. Generally, once the warrant and its supporting affidavit have been produced by the State and exhibited to the trial court, it is the responsibility of the defendant challenging probable cause to make sure that they are included in the record. *Moreno v. State*, 858 S.W.2d 453, 461 (Tex. Crim. App. 1993). However, testimony of the officer who presented the probable cause affidavit in support of the warrant suffices if the defendant has an opportunity to cross-examine the officer concerning the validity of the warrant and the trial court has an opportunity to determine whether probable cause existed. *De La O v. State*, 127 S.W.3d 799, 801 (Tex. App.—San Antonio 2003, pet. ref'd). The testimony of Agent Castillo in conjunction with the warrant was sufficient in

4

this case. Based upon the evidence presented at the hearing, we cannot hold that a reasonable, detached magistrate could not have found that the affidavit in support of the warrant failed to provide probable cause for the issuance of the warrant. The information provided by Agent Castillo to the magistrate provided a substantial basis for the magistrate to determine that there was a fair probability that contraband would be found at 649 Cockerell. *See Rodriguez*, 232 S.W.3d at 60; *Swearingen*, 143 S.W.3d at 811. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court erred in denying his request to require the State to disclose the confidential informant's identity. The State asserted that the informant's identity was privileged under the Rules of Evidence. TEX. R. EVID. 508. The trial court addressed the issue outside the presence of the jury, conducted an in-camera hearing in which it asked numerous questions of Agent Castillo, and ruled that the State was not required to disclose the informant's identity. We review the trial court's denial of Appellant's request to disclose the informant's identity for an abuse of discretion. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Rule 508 provides that the State has a privilege to refuse to disclose the identity of an informant unless (1) the informant's identity has been voluntarily disclosed, (2) it has been shown that the informant may be able to give testimony necessary to a fair determination of guilt, or (3) the trial court is not satisfied that the information was obtained from an informant reasonably believed to be reliable. TEX. R. EVID. 508(a), (c); *Bodin v. State*, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991). Based upon the information revealed by Agent Castillo during the in-camera hearing, which is contained in the appellate record, the trial court found that the informant was reliable and credible, that the informant was not present when the search warrant was executed, that the informant did not see anybody else

at the residence, and that the informant's testimony would not be helpful in this case. The trial court's findings regarding the confidential informant, who had made a controlled buy from Appellant (whom the informant knew as "Humphrey") at the residence prior to the warrant being issued, are supported by the record from the in-camera hearing. Consequently, we hold that the trial court did not abuse its discretion in denying Appellant's request for disclosure of the informant's identity. Appellant's second issue is overruled.

In his third issue, Appellant contends that the evidence was insufficient to show that he had "actual control" of the property searched and the contraband seized or that the weight of the cocaine attributable to Appellant was four grams or more. Appellant's argument stems from the lack of evidence showing that he owned or resided in the residence. The evidence produced at trial indicated that he resided elsewhere.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury as the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319, 326); *see* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979) (jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony).

6

In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384 (Tex. Crim. App. 1988). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); *Pollan v. State*, 612 S.W.2d 594 (Tex. Crim. App. 1981).

The record shows that Agent Castillo, along with other officers, executed a search warrant at a residence, which at the time was occupied solely by Appellant. According to Agent Castillo, the residence was known for sometimes not having electricity or water. Appellant was in the southwest bedroom sitting on a couch next to a coffee table. Inside the residence, officers seized 4.7 grams of what was believed to be marihuana, cash, crack cocaine, and a set of keys belonging to Appellant. The set of keys included a key and remote to Appellant's car and also a house key that unlocked the front door of the residence at 649 Cockerell. After obtaining a warrant to search Appellant's car, which was parked across the street, officers seized marihuana and crack cocaine from Appellant's car.

Agent Scott Ferrell assisted Agent Castillo in the execution of the search warrant of the residence. Agent Ferrell searched the residence and collected evidence. From Appellant's front left pocket, Agent Ferrell retrieved a clear baggie that contained two rocks of cocaine and eight small, yellow Ziploc baggies that contained rocks of cocaine. The cocaine seized from Appellant's pocket weighed 2.09 grams. Agent Ferrell also seized a baggie containing 4.7 grams of marihuana from Appellant's front left pocket. Appellant had $400 in cash in his front right pocket; another $150 in his wallet, which was also in his front right

pocket; and $85 in his hand. The agents found two small, blue Ziploc baggies containing .38 grams of crack cocaine under a CD case on the coffee table near Appellant. Under a mattress in a different room of the residence, Agent Ferrell found a small Ziploc baggie containing .31 grams cocaine.

Agent Rodney Smith conducted a search of Appellant's car. In the console, Agent Smith found a baggie of marihuana and documents with Appellant's name on them. The documents reflecting Appellant's name included a repair bill for the car that was searched and paperwork from the State of Texas regarding Medicaid. In the console area in an ashtray, Agent Smith found fourteen rocks of cocaine packaged in fourteen small baggies, which appeared to Agent Smith to be packaged and ready to sell. The cocaine retrieved from Appellant's car weighed 2.75 grams.

The total weight of the crack cocaine found in the search of the house and the car was 5.53 grams. The weight of the cocaine taken only from Appellant's pocket and car, not elsewhere in the residence, was 4.84 grams.

Evidence was also introduced to show that the residence at 649 Cockerell was located within 1,000 feet of a school and was, thus, in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp. 2012). Agent Castillo calculated the distance between the residence and the Woodson Center for Excellence, a school, at approximately 650 feet.

After reviewing the record and examining all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant possessed more than four grams of cocaine with the intent to deliver and that he did so in a drug-free zone. The evidence sufficiently linked Appellant to the cocaine in his car, and he clearly possessed the cocaine in his pocket. The aggregate amount of cocaine taken from Appellant's pocket and his car was more than four grams. Thus, the evidence is

8

sufficient to show that Appellant exercised care, custody, control, or management over more than four grams of cocaine. Furthermore, the cocaine found under the CD and under the mattress was also linked to Appellant as he was the only person in the residence when the warrant was executed, and he had a key to the front door. Appellant's third issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 22, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.