ACCEPTED
04-15-00058-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/23/2015 11:43:33 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00058-CR

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

11/23/15 11:43:33 PM

KEITH E. HOTTLE
Clerk

**CYNTHIA TORRES LEAL,
APPELLANT,**

**v.**

**THE STATE OF TEXAS,
APPELLEE**

ON APPEAL FROM THE 81ST JUDICIAL DISTRICT COURT
FRIO COUNTY, TEXAS

_____

**APPELLANT'S BRIEF**
_____

Justin A. Fischer
SBN 24065233
8000 IH-10W, Ste. 1500
San Antonio, Texas 78230
Tel. (210) 341-4070
Fax (210) 341-4459
justinfischerlaw@gmail.com
Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

| STATE OF TEXAS | § | IN THE |
| | § | |
| VS. | § | FOURTH COURT |
| | § | |
| CYNTHIA TORRES LEAL | § | OF APPEALS |

_____

## IDENTITY OF PARTIES AND COUNSEL
_____

Pursuant to TEX. R. APP. P. 38.1(a), a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellant counsel are as follows:

1. Ms. Cynthia Torres Leal
   Lockhart Correctional Facility
   1400 E. MLK, Jr. Industrial Blvd.
   Lockhart, Texas 78644
   Appellant

2. Mr. Michael R. Zamora
   6800 Park Ten Blvd., Ste. 220 N.
   San Antonio, Texas 78213
   Trial Counsel for the Appellee

3. Mr. Justin A. Fischer
   8000 IH-10W, Suite 1500
   San Antonio, Texas 78230
   Appellate Counsel for the
   Appellant

4. The State of Texas
   Mr. Robert F. Lipo
   1327 3rd St.
   Floresville, Texas 78114
   Trial and Appellant Counsel
   for the Appellee

# Table of Contents

Identity of Parties and Counsel ...................................................................................i

Table of Contents ................................................................................................. ii

Index of Authorities ......................................................................................... iii

I.      STATEMENT OF THE CASE ............................................................. 2

II.     POINT OF ERROR ............................................................................. 3

        **First Point of Error:**   The trial court erred in failing to order the State to disclose the identity of the confidential informant............................ 3

III.    STATEMENT OF FACTS ................................................................... 4

IV.    SUMMARY OF THE ARGUMENT ........................................................ 9

        A.     Summary of the Argument Under the First Point of Error ................ 9

V.      ARGUMENT ..................................................................................... 10

        A.     ARGUMENT UNDER FIRST POINT OF ERROR ........................ 10

               1.     Restatement of First Point of Error ...................................... 10
               2.     Standards of Review ............................................................ 10
               3.     Preservation of Error ........................................................... 10
               4.     Discussion ........................................................................... 11
               5.     Harm Analysis ..................................................................... 16

VI.    PRAYER ......................................................................................... 18

CERTIFICATE OF SERVICE ............................................................................ 19

CERTIFICATE OF COMPLIANCE ................................................................... 19

# Index of Authorities

**Constitution**

U.S. CONST. amend. VI ............................................................................. 16

TEX. CONST. art. 1, § 10 ............................................................................ 16

**Cases**

*Anderson v. State*, 817 S.W.2d 69 (Tex.Crim.App. 1991)(en banc) .............. 14, 15

*Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App. 1981) ................................. 13

*Ford v. State*, 179 S.W.3d 203 (Tex.App.—Houston[14th], pet ref'd) ............... 14

*Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1990) ............................ 10

*Olivarez v. State*, 171 S.W.3d 283
(Tex.App.—Houston [14th Dist.] 2005, no pet.) ............................................. 13-14

*Patterson v. State*, 138 S.W.3d 643 (Tex. App.—Dallas 2004, no pet.) .............. 16

*Poindexter v. State*, 153 S.W.3d 403 (Tex.Crim.App. 2005) .............................. 13

*Ramirez v. State*, 815 S.W.2d 636 (Tex. Crim. App. 1991)(en banc) .............. 10-11

*Roviaro v. United States*, 353 U.S. 53 (1957) .......................................... 17, 17-18

*Sanchez v. State*, 98 S.W.3d 349
(Tex.App.—Houston [1st Dist.] 2003, pet. ref'd.) .............................................. 16

*Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App. 1980) ..................................... 10

**Statutes**

TEX. HEATH & SAFETY CODE § 481.112(a) .......................................................... 12

TEX. HEATH & SAFETY CODE § 481.112(d) .................................................... 12-13

**Rules**

TEX. R. APP. P. 33.1(a) ..................................................................................... 10

TEX. R. APP. P. 33.1(a)(1) ................................................................................ 11

TEX. R. APP. P. 33.1(a)(2) ................................................................................ 11

TEX. R. APP. P. 44.2(b) .................................................................................... 16

TEX. R. EVID. 508 ....................................................................................... 9, 11

TEX. R. EVID. 508(a) ....................................................................................... 11

TEX. R. EVID. 508(c) ....................................................................................11-12

TEX. R. EVID. 508(c)(1)(A) .............................................................................. 11

TEX. R. EVID. 508(c)(1)(B) .............................................................................. 11

TEX. R. EVID. 508(c)(2) ................................................................................... 11

TEX. R. EVID. 508(c)(2)(A) .............................................................................. 12

TEX. R. EVID. 508(c)(2)(C) .............................................................................. 17

TEX. R. EVID. 508(c)(2)(C)(i) .......................................................................... 17

TEX. R. EVID. 508(c)(2)(C)(ii) ......................................................................... 17

TEX. R. EVID. 508(c)(3) ................................................................................... 12

**NO. 04-15-00058-CR**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE |
| | § | |
| VS. | § | FOURTH COURT |
| | § | |
| CYNTHIA TORRES LEAL | § | OF APPEALS |

_____

**APPELLANT'S BRIEF**
_____

To the Honorable Justices of said Court of Appeals:

Cynthia Torres Leal, Appellant, files this her Brief on the denial of her motion to reveal confidential informants, in Cause No. 12-08-087-CRF, The State of Texas v. Cynthia Leal, in the 81st Judicial District Court of Frio County, Texas, The Honorable Judge Donna Reyes, Presiding.

# I.
## STATEMENT OF THE CASE

Appellant was charged by indictment with Possession, with intent to delivery, a Controlled Substance Penalty Group 1, more than four grams, but less than 200 grams, in Cause No. 12-08-00087-CRF in the 81st District Court. (CR 1.) A hearing on the Appellant's motion to reveal confidential informants was held on June 6, 2013 with a ruling denying the motion to suppress on June 6, 2013. (MR 47, 54)[1] Appellant plead no contest pursuant to a plea on September 30, 2014. (PR, 8; CR 46-76.) On December 11, 2014 a sentencing hearing was held. (SR.) The Court found the Appellant guilty and sentenced the Appellant to 20 years confinement in the Texas Department for Corrections for. (SR 9; CR 80-81.) A formal Judgement of Conviction was entered by the Court. (CR 80-81.) Appellant filed her notice of appeal on January 7, 2015. (CR 92.)

---

[1] There are three different reporter's records filed by two different court reporters and one supplemental reporter's record containing the search warrant affidavit and the search warrant from the motions hearing. When referencing the reporter's record counsel will reference to the hearing. So the reporter's record for the motions hearing will be (MR), the reporter's record for the plea hearing will be (PR), the reporter's record for sentencing will be (SR) and the supplemental reporter's record will be (SMR).

## II.
## POINT OF ERROR

**First Point of Error:**  The trial court erred in failing to order the State to disclose the identity of the confidential informant.

## III.
## STATEMENT OF FACTS

*Search Warrant and the Confidential Informant*

On August 19, 2011 Officer Pedro Salinas of the Pearsall Police Department applied for a search warrant of the Appellant's residence. (SMR 4-8.) Officer Salinas decided to get a search warrant for the Appellant's residence because in the twenty-four hours preceding the issuance of the search warrant a confidential informant ("CI") had been in the Appellant's residence and saw cocaine being purchased. (SMR 6; MR 19.) The Officer's CI told Salinas that he is able to call up the Appellant and "order" cocaine. (SMR 6.) The CI stated that he had seen the Appellant make sales of narcotics throughout Pearsall, Texas. (SMR 6.) This CI was considered credible by Officer Salinas. (SMR 6.) This CI has previously been used in the past and has provided accurate information leading to seizures of illegal controlled substances and stolen property. (SMR 6.)

After receiving the CI's information Officer Salinas performed surveillance on the Appellant's location and observed individuals go to the Appellant's residence and meet the Appellant. (SMR 6.) After getting to the Appellant's residence the individuals leave two or three minutes later. (SMR 6.) During four hours of surveillance Officer Salinas observed five suspected drug transactions. (SMR 6.) Due to Officer Salinas training and experience, the actions by the Appellant and the individuals coming to the Appellant's residence are "consistent

4

with the illegal sale of narcotics" and further the CI's information was corroborated by what Officer Salinas observed during his surveillance of the Appellant's residence. (SMR 6.)

*Testimony at the Motion's Hearing*

**Cynthia Leal**

The first witness called at the motion's hearing was the Appellant, Cynthia Leal. (MR 5-14.) Ms. Leal testified that in the twenty-four hours prior to the execution of the search warrant the Appellant's husband and son, the Appellant's sister, Amanda Lopez, as well as a friend of the Appellant's sister, Anna Carizales, were in the residence. (MR 6-7, 13.) During their time in the residence there was no paraphernalia out in the open, nor was there any other contraband such as cocaine, methamphetamine, or marijuana out where anyone could see it. (MR 7.)

The warrant was at 10:00 a.m. on August 19, 2011 and executed at 10:50 a.m. on August 19, 2011. (SMR 11, 12.) The Appellant testified that at approximately 8:30 in the evening of August 18th that her sister Amanda Lopez left drugs at her house. (MR 7-8, 12.) The Appellant further testified that while Anna Carizales was present no drugs were in the residence. (MR 7-8.) There were also no drugs present while the Appellant's son and husband in the house because they were at school and at work, respectively. (MR 8.) The only people who were

in the house while drugs were present were the Appellant and the Appellant's sister, Amanda Lopez. (MR 8.)

The drugs left by Amanda Lopez were packaged in "different ziplocks" and already packaged for distribution. (MR 9, 10.) The drugs in Lopez's bag totaled about an ounce and a half of different drugs. (MR 9, 10.) Along with the drugs Lopez left cash at the Appellant's residence. (MR 9. 10) After Lopez left the drugs at the Appellant's residence the Appellant placed the drugs in her drawer to prevent the Appellant's son from finding the drugs. (MR 11.)

**Mark Leal**

The second person to testify at the motions hearing was Mark Leal. (MR 15-18.) Mr. Leal was a co-defendant to the Appellant whose case was dismissed after the Court ordered the informant to be disclosed. (MR 3, 54.) Mr. Leal stated that in the twenty-four hours prior to the execution of the search warrant that he didn't know who was in the house because he had been at work. (MR 16.) When Mr. Leal returned from work that evening he did not see any drug paraphernalia, drugs, marijuana, methamphetamine, or cocaine in the house. (MR 17.)

**Lieutenant Peter Salinas**

The last person to testify at the motions hearing was the investigating officer Peter Salinas. (MR 18-38.) Officer Salinas testified that during his observation of the Appellant's residence he did not obtain any video or photographic footage of

the CI going into the residence during the twenty-four hours preceding the execution of the search warrant. (MR 19.) Further, Officer Salinas testified that the CI did not provide any photographs or video footage to corroborate his story. (MR 20.) The only corroboration of the CI's story is that the CI went into the house and Officer Salinas believed the CI because he was credible. (MR 20-21.) Further, while there were inconsistencies between what the CI said and what the police found when executing the search warrant, the CI did a controlled buy of cocaine at the Appellant's residence within the twenty-four hours of the search warrant being issued. (MR 22-24.)

On questioning by the State Officer Salinas testified that the confidential informant's identity has not been disclosed and that further the CI was not present when the search warrant was executed or when the Appellant was arrested. (MR 25.) Officer Salinas further testified that after the Appellant was arrested she made a custodial statement where Appellant acknowledged the drugs were in her residence, that the drugs belonged to the sister, and that she has been selling drugs two months prior to the search. (MR 26.) During the Appellant's statement she never stated that the drugs had been planted by Anna Carizales or Amanda Lopez. (MR 26.)

Contrary to Officer Salinas' in-court testimony the police report attached part of the plea paper work stated that during the Appellant's statement the

Appellant identified Noelda Torres Martinez and Amanda Lopez as the people to whom the drugs belonged. (CR 58.) Further, the police report states the Appellant denied possession of the drugs or money, rather that the Appellant was holding for Amanda Lopez. (CR. 58.)

## IV.
## SUMMARY OF THE ARGUMENT
### A. Summary of the Argument Under the First Point of Error

Under TEX. R. EVID. 508 the government must disclose the identity of a confidential informant if the informant's testimony is necessary to a fair determination of the issue of guilt or innocence. When considering what crime the Appellant was charged with, the evidence that the government must provide to find the Appellant guilty, compared to the evidence the confidential informant will provide; the trial court erred in failing to order the state to disclose the confidential informant.

# V.
## ARGUMENT
### A. Argument Under First Point of Error.

**1. Restatement of First Point of Error**

The trial court erred in failing to order the State to disclose the identity of the confidential informant.

**2. Standard of Review**

A trial court's denial of a motion to disclose a confidential informant is reviewed under an abuse of discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980.) Under the abuse of discretion standard the judgment of the trial court must be affirmed unless the decision of the trial court was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990.) The Court must decide whether the trial court's ruling was arbitrary or unreasonable. *Id*.

**3. Preservation of Error**

To present a claim on appeal the party who is appealing must have preserved the error. *See* TEX. R. APP. P. 33.1(a). For error to be preserved the appellant must (1) timely object, (2) specify the grounds for the objection, and (3) obtain a ruling. *Id*. Finally, the ruling of the trial court "must be conclusory; that is, it must be clear from the record the trial judge in fact overruled the defendant's objection or

10

otherwise error is waived. *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991)(en banc).

In the present case error was preserved. Appellant's counsel filed a Motion to Require Disclosure of All Informers Relied Upon and for Production of Said Informers in Open Court." (CR 9-12.) Appellant's motion stated that the informers identity was necessary under the constitutional requirements of *Brady* and under Texas Rule of Evidence 508(c)(2). (CR 10.) This motion and its contents satisfy the requirements of TEX. R. APP. P. 33.1(a)(1) and (2). In addition to filing the motion, the Appellant urged this motion in a hearing and received a ruling on his motion. (MR 54.) The Appellant preserved her error for review.

**4. Discussion**

Texas Rule of Evidence 508 states that as a general rule the government:

Has a privilege to refuse to disclose a person's identity if:

(1)    the person has furnished information to a law enforcement officer or a member of a legislative committee or its staff conducting an investigation of a possible violation of law; and

(2)    the information relates to or assists in the investigation.

TEX. R. EVID. 508(a). Section (c) of rule 508 contains three exceptions to this general rule. The three exceptions are:

1.    that there has been a voluntary disclosure of the confidential informant. TEX. R. EVID. 508(c)(1)(A) and (B);

2.      when a "Court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." TEX. R. EVID. 508(c)(2)(A); and

3.      when the informant's is necessary to determine whether the evidence was obtained in a legal manner. TEX. R. EVID. 508(c)(3).

Appellant's trial counsel was looking for disclosure under the second exception. During argument counsel for the State said "[defense counsel] hasn't shown how the identity of that person is going aid in his defense. (MR 42.) In response trial counsel said:

> I completely agree with Ms. Pol. The only thing I would say is how in the world could I do that? How could I meet this burden? I mean I've scoured Pearsall with my investigator to try to find who the confidential informant was….Because otherwise, how can we necessary to a fair determination -- that's exactly what I'm trying to do.

(MR 44-45.)

*Possession of a Controlled Substance*

The State charged the Appellant with possession with intent to deliver a controlled substance, penalty group 1, 4-200 grams, mainly cocaine. (CR 1.) To prove this offense the State was required to prove the Appellant knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1, and the amount of the controlled substance to which the offense applies, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE § 481.112(a) and

12

(d). The indictment shows the State was going on possession portion of the offense. (CR 1.)

To prove that the Appellant possessed the controlled substance the State must show that, "(1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed contraband." *Poindexter v. State*, 153 S.W.3d 403, 405 (Tex.Crim.App. 2005.) Further, the evidence must show that the Appellant's connection with the drug "was more than just fortuitous" there must be some "affirmative link." *Id.* at 406. "When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981.)

To prove an affirmative link Courts have come up with a non-exhaustive list of factors:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place

where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App.—Houston [14th Dist.] 2005, no pet.)

*The Confidential Informant was a Material Witness*

If an informant "was an eyewitness to an alleged offense then that informant can testimony necessary to a fair determination of the issues of guilt or innocence." *Ford v. State*, 179 S.W.3d 203, 210 (Tex.App.—Houston[14th], pet ref'd); *Anderson v. State*, 817 S.W.2d 69, 72 (Tex.Crim.App. 1991)(en banc). If the information provided by the informant "is used to only establish probable cause for a search warrant and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt." *Ford*, 179 S.W.3d at 210.

The testimony and the police's own actions established that the Appellant was not in exclusive possession of the residence. The Appellant testified that her husband, her son, her sister, and her sister's friend were present in the house in the twenty-four hours prior to the execution of the search warrant. (MR 6-7, 12, 13.) Further, the police arrested, and the State charged the Appellant's husband with the same charge as the appellant. (MR 3.) The Appellant has never claimed possession

14

of the drugs stating during testimony that the cocaine was the Appellant's sister's cocaine. (MR 8-10.) Further in the Appellant's statement to the police after arrest the Appellant maintained that the drugs belonged to Noelda Torres Martinez and Amanda Lopez. (CR 58.)

The Court of Criminal Appeals has said that "a defendant is only required to make a *plausible* showing that the informer could give testimony necessary to a fair determination of guilt. *Anderson*, 817 S.W.2d at 72. Some of the factors to show an affirmative link between the Appellant and the narcotics go against Appellant, they also show the CI is a material witness. The CI is only person who saw the Appellant in sole possession of the cocaine. The search warrant affidavit state that "the [Appellant] usually only sells larger amounts and advised usually no less than an "8ball". CI advised an "8ball" is approximately 3.5 grams of cocaine in rock and powder form of the cocaine." (SMR 6.) During the hearing on the motion Officer Salinas that the CI did a controlled buy of $20.00 worth of cocaine. (MR 28.) Salinas further testified that to his belief all of the confidential informants buys were made at the door. (MR 28.) Due to the Appellant being in the non-exclusive possession of the residence where the drugs were found there must be some other affirmative links to show the Appellant possessed the cocaine. The *one* witness who can verify that the Appellant possessed, or did not possess the cocaine was the confidential informant. **The confidential informant was a**

15

**material witness necessary to making a fair determination of the issues of guilt or innocence.**

**5. Harm Analysis**

The review of a trial court's ruling on a denial of a motion to disclose a confidential informant is under an abuse of discretion standard and any error must be disregarded unless the error affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Sanchez v. State*, 98 S.W.3d 349, 356-357 (Tex.App.—Houston [1st Dist.] 2003, pet. ref'd.)(stating that this error is a non-constitutional error governed by the harmless error standard of Tex. R. App. P. 44.2(b).) A defendant's substantial rights are affected when the error had a substantial and injurious effect or influence on the judgment. *Id*. at 357.

A criminal defendant has a federal and state constitutional right to confront and cross examine witnesses. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10. Allowing the State to proceed to trial and have the Appellant identified through an unknown CI, when that CI is material to the guilt or innocence of the Appellant would be violative of the Appellant's confrontation rights. The Dallas Court of Appeals has held that when a defendant wants the CI disclosed because the CI "could have identified other occupants who 'could have been responsible for the contraband' was nothing more than mere conjecture or supposition unsupported by

any evidence." *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.)

This case is the inverse of *Patterson*, the Appellant knows and has told the arresting officers whose cocaine was found in her residence, Amanda Lopez and Noelda Martinez. (CR 58.) Here, the CI is the only person who can testify that the Appellant, possessed with intent to deliver narcotics. This necessary fact goes to the heart of every possession of a controlled substance prosecution. This is not mere conjecture or supposition, this is a concrete fact that goes to a fair determination of guilt or innocence.

Harm is shown in the remedy in that the remedy found in TEX. R. EVID. 508(c)(2)(C) doesn't allow the citizen accused get the identity of the CI. Rather, all that is required is that the court conduct an in camera hearing via affidavit or testimony. TEX. R. EVID. 508(c)(2)(C)(i). Further, Counsel for the citizen accused is not allowed to attend such an in camera review so there is no back door disclosure to a criminal defendant of the CI identity. TEX. R. EVID. 508(c)(2)(C)(ii). The Supreme Court has said that this "privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, the Supreme Court went on to say that "[w]here the

disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, *the privilege must give way*." *Id*. at 60-61. The trial court's failure to disclose the identity of the informant harmed the Appellant's substantial rights and the trial court's refusal to disclose the identity of the informant was an abuse of discretion.

## V.
## PRAYER

For the reasons state above, Appellant, Cynthia Torres Leal, submits that the trial court committed reversible error in failing to grant the motion to reveal confidential informant. Appellant prays that the judgment and sentence be reversed and that this cause be remanded for further proceedings.

RESPECTFULLY SUBMITTED

/s/Justin A. Fischer_____
Justin A. Fischer
SBN 24065233
8000 IH-10W, Ste. 1500
San Antonio, Texas 78230
Tel. (210) 341-4070
Fax (210) 341-4459
Attorney for Appellant

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2015, a true and correct copy of Appellant's Brief was served on the 81st District Attorney's office via the eServe function of the efiling service provider.

/s/Justin A. Fischer_____
Justin A. Fischer

**CERTIFICATE OF COMPLIANCE**

I certify that this brief was prepared with Microsoft Word 2013, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 3,354 words.

/s/Justin A. Fischer_____
Justin A. Fischer