## In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-22-00239-CR
_____

## CURTIS LEON TARVER JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR35060**

## MEMORANDUM OPINION

A Liberty County grand jury indicted Curtis Leon Tarver Jr. for possession with intent to deliver a controlled substance, methamphetamine, in an amount greater than four grams but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d). The indictment included one felony enhancement and a habitual enhancement. The jury convicted Tarver of the first-degree felony offense, found the felony enhancement true, found the habitual enhancement true, and assessed punishment at ninety-nine years of confinement in the Texas Department of

Criminal Justice, Institutional Division. In two issues, Tarver complains the trial court abused its discretion when it denied his pretrial Motion to Reveal Identity of Confidential Informants and Undercover Law Enforcement Officials and admitted extraneous-offense evidence during the trial. We overrule both issues and affirm the trial court's judgment.

*Background*

Prior to trial, Tarver filed a motion seeking disclosure of a confidential informant's identity on the grounds the informant allegedly had information relevant to guilt or innocence. The trial court conducted an in camera hearing and questioned Deputy Ranson Martel, who had obtained a search warrant based on information provided by an informant who participated in a controlled buy on Tarver's property. After conducting the in-camera hearing, the trial court denied Tarver's motion.

During the guilt or innocence stage of the trial, the State called two witnesses: Paul Young, a sergeant in the narcotics and interdiction unit with the Liberty County Sheriff's Office, and Deputy Martel. Sergeant Young explained how law enforcement officers work with confidential informants to obtain information that enables the officers to obtain search warrants. He described the execution of a search warrant on Tarver's property on July 23, 2019, to look for evidence of the distribution of methamphetamines. During their search of Tarver's property, law

2

enforcement officers recovered approximately 131 grams of methamphetamines, an amount that Sergeant Young opined would not be for personal use.

Deputy Martel testified that within 48 hours after obtaining information from the confidential informant, Martel obtained the warrant to search the property and was present when it was executed. Deputy Martel testified Tarver was outside the house when law enforcement officers arrived to search the property. The deputies entered the house and found methamphetamine along with digital scales and packaging materials inside a safe in the master bedroom. The deputies asked Tarver and his girlfriend, Crystal Garcia, who was also living on the property, for a combination for the safe, but since neither of them would provide it, the officers had to crack it open. It appeared to Deputy Martel that two people were staying in the master bedroom, and Garcia and Tarver each had items inside the safe: Garcia's credit cards and the title to Tarver's pickup truck located on the property. There was also a television system on the property with a live feed of the front of the residence, and Sergeant Young explained that the use of this type of surveillance system without a recording device is typical for drug dealers who want to see who is coming onto the property but "don't want any evidence saved."

Garcia, who had pleaded guilty to this offense in 2021, testified for the defense. She testified the safe in the master bedroom belonged to her and she denied that the contents belonged to Tarver. She also testified she was the one who sold the

3

drugs to the confidential informant, and that she was selling the drugs without Tarver's knowledge. According to Garcia, Tarver did not benefit from the proceeds from the drug sales. On cross examination, Garcia acknowledged that she and Tarver are currently in a romantic relationship but denied having been in a relationship with Tarver when the search warrant was executed, even though Tarver's Facebook page stated they were in a relationship since March 8, 2019. She also admitted that Tarver had threatened her several times and that on the Friday before trial he told her he would "bury [her] under the jail."

At the conclusion of trial, the jury found Tarver guilty of the offense as charged and sentenced him to ninety-nine years in prison. This appeal followed.

*Motion to Disclose Confidential Informant*

In his first issue, Tarver contends the trial court erred in denying his motion to disclose the identity of the confidential informant. When a person has provided a law enforcement officer information that assists in the investigation of a possible violation of the law, the State generally has a privilege to refuse to disclose that person's identity. *See* Tex. R. Evid. 508(a); *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). However, the State is required to disclose an informer's identity if the trial court finds "a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." Tex. R. Evid. 508(c)(2)(A); *Ford*, 179 S.W.3d at 210. Because the

4

defendant "may not actually know the nature of the informer's testimony," the defendant has the threshold burden "to make a plausible showing" that the "informer's potential testimony [will] significantly aid the defendant." *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). Although the court may consider evidence from any source, the evidence must go beyond "mere conjecture or speculation[.]" *Id*. If the defendant makes this "plausible showing," the trial court is required to conduct an in camera hearing to determine whether the requirements of Rule 508(c)(2)(A) have been met. Tex. R. Evid. 508(c)(2)(C)(i).

During the hearing on Tarver's motion, defense counsel argued, "We believe that the confidential informant participated in the actual act, that being buying methamphetamines from someone at the residence. We believe that, if the confidential informant is known and allowed to testify, that that person can come in and negate some of the elements of possession in the fact whether Mr. Tarver was present at the house, whether he participated in the sale, or whether he was in care, custody, or control of any narcotics in this particular case." After conducting an in camera hearing, the trial court denied Tarver's motion, stating, "the court cannot find and does not find that reasonable probability exists that the informant can give testimony necessary to a fair determination of the guilt or innocence of the defendant and, therefore, the state's privilege remains."

5

"We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard." *Ford*, 179 S.W.3d at 210 (citing *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980)). "Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement." *Id*. (citing *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996)).

After reviewing the record, including the record of the in camera hearing, we conclude the trial court acted within the zone of reasonable disagreement in refusing to find a reasonable probability that the informant's testimony was necessary to a fair determination of guilt or innocence. The record does not show the informant participated in the offense with which Tarver was charged. As the trial court noted, Tarver was not charged with any offense related to the informant's controlled buy. Rather, the State charged Tarver with possession of a controlled substance with intent to deliver. There is no indication that the informant participated in the possession offense, nor that the informant was present when the search warrant was executed. *See Mims v. State*, Nos. 10-21-00259-CR, 10-21-00260-CR, 10-21-00261-CR, 2022 Tex. App. LEXIS 6331, at *5 (Tex. App.—Waco Aug. 24, 2022, pet. ref'd) (mem. op., not designated for publication) (trial court did not err in denying disclosure of confidential informants who participated in controlled buys where defendant was not charged with an offense related to the controlled buys).

Tarver also argues, for the first time on appeal, "Because [the informant's] statements were not independently verified by the officer, no real challenge to the warrant's probable cause could be had without the informant testifying." Our rules require a party not only to make a timely request to the trial court, but also to state the grounds for the requested ruling "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Tarver never informed the trial court that he needed the informant's identity for the purpose of challenging the warrant. Instead, he claimed he needed to question the informant in an attempt to negate elements of the offense, and the record does not indicate Tarver filed a motion to suppress or otherwise challenged the warrant at any time. That said, even if Tarver had properly preserved a complaint about the warrant or about the supposed necessity of questioning the confidential informant for the purpose of challenging the validity of the warrant, "when the informant's information is used only to establish probable cause for a search warrant and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt." *Ford*, 179 S.W.3d at 210.

7

We conclude the trial court did not abuse its discretion in denying Tarver's Motion to Reveal Identity of Confidential Informants and Undercover Law Enforcement Officials. Tarver's first issue is overruled.

*Admission of Extraneous Offense Evidence*

In his second issue, Tarver complains that the trial court erred in admitting State's Exhibits 61, 61A, 61B, and 61C. State's Exhibit 61 is a Facebook business record for Tarver's Facebook account. State's Exhibit 61A is an excerpt of Exhibit 61 consisting of six pages from Tarver's Facebook account. It shows a conversation from July 2018 between Tarver and an individual named Terri Kahle where Kahle asks for narcotics from Tarver because she is having withdrawals, and offers to exchange sex for the narcotics because she doesn't have enough money to pay for the drugs. State's Exhibit 61B is a one-page excerpt from Exhibit 61 showing the address of the Facebook account as "Liberty, Texas" and the holder of the account as registered to "CURTIS.TARVER.7[.]" State's Exhibit 61C is a one-page excerpt of Exhibit 61's Facebook records showing a photograph of Tarver.

At trial, the State initially offered State's Exhibit 61 in its entirety. Tarver objected that the business records affidavit was not filed fourteen days before trial and that the exhibit was not relevant. The trial court found that the affidavit was timely filed and informed the parties more time was needed to review the exhibit and rule on Tarver's relevance objection. The next day, the State clarified that it was

8

offering Exhibits 61, 61B and 61C solely for the purposes of authentication of Exhibit 61A, and that only Exhibit 61A would be published to the jury. The State argued the Facebook messages between Tarver and Kahle contained in Exhibit 61A were relevant to show motive, intent and knowledge, and to rebut any claim that the charges against Tarver were fabricated. Tarver objected under Texas Rules of Evidence 402 and 403, arguing the Facebook messages were sent roughly one year prior to Tarver's arrest and would therefore confuse the jury. The trial court overruled both objections and indicated State's Exhibit 61A would be admitted for the sole purpose of Rule 404(b)(2), finding that it was authenticated by Exhibits 61, 61B, and 61C and that its probative value was not substantially outweighed by any prejudicial effect. The trial court then instructed the jury as follows:

> Ladies and gentlemen of the jury, I anticipate that you are about to hear evidence of alleged offenses committed by the defendant that are not made the subject of the indictment that's before you.
>
> These are called extraneous offenses. You are instructed that before you can consider these alleged extraneous offenses you must find and believe beyond a reasonable doubt that the defendant committed these other offenses. And then you may consider them only to the extent that they aid you in determining the motive, intent, or knowledge of the defendant in connection with the offense against him in the indictment or to rebut a claim that the offense that he's charged with was fabricated and for no other reason.

On appeal, Tarver argues the trial court erred in admitting Exhibits 61, 61A, 61B and 61C, because the exhibits were irrelevant and more prejudicial than probative because they "only served to inflame the jury" against Tarver. Although

9

the record indicates the trial court reviewed and considered Exhibits 61, 61B and 61C for the purpose of authenticating Exhibit 61A, the record does not indicate the trial court ever admitted Exhibits 61, 61B, and 61C, nor that they were ever published to the jury. Therefore, we overrule Tarver's second issue to the extent it includes complaints about Exhibits 61, 61B and 61C, and we limit our consideration to the trial court's admission of Exhibit 61A.

Tarver's objections in the trial court and on appeal are based on Texas Rules of Evidence 402 and 403. Rule 402 indicates relevant evidence is generally admissible, whereas irrelevant evidence is not. Tex. R. Evid. 402. The trial court determined Exhibit 61A was relevant and admissible for a limited purpose under Rule 404(b)(2), which governs the admissibility of extraneous offenses. Tex. R. Evid. 404(b)(2). In its entirety, Rule 404(b) provides as follows:

(b)     Crimes, Wrongs, or Other Acts

(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Tex. R. Evid. 404(b). We review a trial court's admission of extraneous offense evidence under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will not disturb the trial court's ruling unless it is outside

the zone of reasonable disagreement. *Id*. "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court. An appellate court owes no less deference to the trial judge in making this decision than it affords him in making any other relevancy determination." *Id*.

During trial, the defense attempted to show that Garcia, alone, was responsible for the methamphetamine found in the safe and that Tarver had no knowledge and no involvement in the distribution of the methamphetamine. The trial court may have reasonably found that the extraneous offense evidence was relevant to rebut the defensive theory that Garcia was responsible for methamphetamine, that Tarver was not involved, and that the charges against Tarver were fabricated. The trial court may have also reasonably determined Exhibit 61A's Facebook messages regarding a previous drug transaction involving Tarver was relevant to show Tarver's knowledge of a large quantity of methamphetamine in a locked safe on his property, his motive for possessing it, and his intent to deliver it. *See Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016) (holding the defensive theory opened the door to the extraneous offense evidence). We conclude the trial court did not abuse its discretion in overruling Tarver's relevancy objections under Rule 402.

Tarver also objected under Rule 403 which indicates relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair

prejudice, confusing the issues, or misleading the jury. Tex. R. Evid. 403. The trial court expressly found that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of prejudice or confusion. When reviewing a trial court's Rule 403 ruling, we consider the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Rule 403 gives trial courts "considerable discretion." *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007). "The rule thus allows different trial judges to reach different conclusions in different trials on substantially similar facts without abuse of discretion." *Id*. We give the trial court's Rule 403 determination "significant deference." *Odom v. State*, No. 09-14-00070-CR, 2015 Tex. App. LEXIS 11828, at *14 (Tex. App.—Beaumont Nov. 18, 2015, pet. ref'd) (mem. op., not designated for publication) (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). "Rule 403 requires exclusion of evidence

12

only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001).

With respect to the first two factors to be considered under a Rule 403 analysis, the trial court may have reasonably concluded the evidence in question had significant probative value because it was relevant to his knowledge, motive and intent, and was needed to rebut the defensive theory that Garcia was solely responsible for the methamphetamine and that Tarver had no knowledge of or involvement in dealing drugs. *See Garner v. State*, No. 09-15-00317-CR, 2017 WL 3298225, at *3 (Tex. App.—Beaumont Aug. 2, 2017, no pet.) (mem. op., not designated for publication) (concluding extraneous offenses were probative of whether the defendant was a drug dealer, as opposed to a mere consumer of methamphetamine). We conclude factors (1) and (2) weigh in favor of admission of the evidence.

With respect to factors (3), (4) and (5), although there may have been a possibility that the jury would be improperly influenced or confused by the extraneous drug transaction referenced in the Facebook messages which took place about a year prior to the execution of the search warrant, the trial court gave the jury a limiting instruction before the evidence was mentioned during the trial, and then included another limiting instruction in the court's charge, so any such risk was

13

minimized.[1] *See Majors v. State*, 554 S.W.3d 802, 809 (Tex. App.—Waco 2018, no pet.) (citing *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009)) (presuming jury followed the trial court's instruction regarding limited purpose of evidence's admissibility). With respect to factor (6), the testimony regarding this evidence spanned approximately eight pages in the reporter's record, so the evidence did not require an inordinate amount of time to develop.

The trial court could have reasonably concluded that the probative value of the evidence addressed by factors (1) and (2) was not substantially outweighed by any risk of undue prejudice or confusion addressed by factors (3), (4) and (5), especially in light of the trial court's oral and written instructions to the jury. We conclude the trial court's admission of Exhibit 61A, accompanied by limiting instructions under Rule 404(b)(2), fell within the zone of reasonable disagreement

---

[1] The jury charge contained the following instruction:

> Extraneous Crimes or Bad Acts.
>
> You are instructed that if there is any evidence before you in this case regarding the Defendant committing an alleged offense or offenses other than the offense alleged against him in the indictment, you cannot consider such evidence for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant committed such other offense or offenses, and even then you may only consider such evidence in determining the motive, intent, or knowledge of the defendant in connection with the offense alleged against him in the indictment, or to rebut a claim that the offense charged against the defendant is fabricated and for no other purpose.

14

and that the trial court did not abuse its discretion in overruling Tarver's objections under Rule 403. We overrule Tarver's second issue.

*Conclusion*

Having overruled Tarver's two issues, we affirm the judgment of the trial court.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on November 21, 2023
Opinion Delivered October 23, 2024
Do Not Publish

Golemon, C.J., Wright and Chambers, JJ.

15